## W. D. CORLEY *v.* B. D. RIVERS.

### [64 South. 964.]

MASTER AND SERVANT. *Disobedience of rules. Ground for discharge.*
    The owner has the right to make reasonable rules for the government of his plantation and where a manager of such plantation refuses to obey these rules the owner has the right to discharge him.

APPEAL from the circuit court of Tallahatchie county. HON. N. A. TAYLOR, Judge.

Suit by R. D. Rivers against W. D. Corley. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Dinkins, Caldwell & Ward,* for appellant.

The well-established rule of law is, that if a person employed for a specified term is wrongfully discharged before the expiration of the term the employer is liable to pay him such damages, not to exceed the full wages for the whole time specified in the contract as he may sustain on account of being discharged, less what he has earned in the meantime or what he might have earned by due diligence in seeking employment. See, *Birdsong* v. *Ellis,* 62 Miss. 418; *Hunt, Admr., etc.,* v. *Crane,* 33 Miss. 669; *Prichard* v. *Martin,* 27 Miss. 305; 105 U. S. 1117; 178 U. S. 953; 7 Current Law, p. 1053; *The New Orleans, Jackson & Great Northern Railroad Co.* v. *Echols,* 54 Miss. 264.

While it may be true that the evidence shows that the defendant discharged the plaintiff, it is also true that it shows a justification of such discharge, and if the defendant was justifiable in discharging the plaintiff, then certainly he would not be entitled to recover of the defendant, damages on account of such discharge. It is,

shown by the evidence in the case that plaintiff was having trouble with the labor on defendant's plantation. Several instances of personal difficulties between plaintiff and laborers on the plantation is shown by the evidence. Plaintiff himself testifies to such personal difficulties. There is no proof that the services of the plaintiff were satisfactory; on the contrary it is very plainly shown that his services were not satisfactory. See the testimony of the defendant, W. D. Corley; also the testimony of the witnesses with reference to the personal difficulties between plaintiff and the laborers on the plantation of defendant. The plaintiff himself admitted that he had had personal difficulties with the laborers on the place.

Admitting, for the sake of argument, that defendant discharged the plaintiff without sufficient cause, and that the then existing contract ended, it is our contention that it was the duty of the plaintiff under the law, to use reasonable diligence to prevent the damage sued for, to make reasonable exertions to prevent loss for want of employment for the term of the contract, and that his refusal to accept the unconditional offer of the defendant to take him back or continue him in defendant's employ, shows want of due diligence on the part of plaintiff. See *Birdsong* v. *Ellis,* 62 Miss. 418.

*P. H. Lowerey,* for appellee.

There can be no merit in the contention of counsel for appellant that the one instruction given by the court below for the appellee is an improper statement of the law in this case, and therefore calculated to mislead the jury in reaching its verdict. The instruction referred to is a clear and concise statement of the law in this case and in cases of this kind and is *verbatim* with the instruction approved by this court in *Pritchard* v. *Martin,* 27 Miss. 305.

If, as counsel contends, the jury was misled under the one instruction given by the court below for appellee in

reaching its verdict, such was remedied by the remittitur of seventy-eight dollars ordered by the court below when the motion for a new trial in this case was overruled.

We agree with counsel for appellant that the well-established rule of law is: "That if a person employed for a specified term is wrongfully discharged before the expiration of the term, the employer is liable to pay him such damages, not to exceed the full wages for the whole time specified in the contract, as he may sustain on account of being discharged, less what he has earned in the meantime, or what he might have earned by due diligence in seeking employment," but we respectfully submit that the one instruction granted by the court below for the appellee is not in conflict with the well-established rule of law above-mentioned.

The testimony of appellee and also the testimony of his father, L. N. Rivers, is that appellee was not idle after his discharge and during the term of his contract but diligently sought employment and even did menial work for one month and a half. Therefore, the finding of the jury and the judgment of the court under the one instruction for the appellee above referred to and instruction number 3 given by the court below for appellant, are well founded. *Pritchard* v. *Martin, supra; Birdsong* v. *Ellis,* 62 Miss. 418.

Argued orally by *J. D. Stone,* for appellee.

REED, J., delivered the opinion of the court.

Appellee was employed by appellant for one year from January 19, 1911, as manager of a plantation. In April, 1911, after a service of something over two months, appellee was discharged. He received payment of two monthly installments of his salary. This suit was brought for the balance alleged by him to be owing for the year. The jury returned a verdict in his favor for the full sum claimed. Upon motion for new trial the court required a

remittitur for the amount which appellee had received during the year from other employment after he was discharged.

Appellant had rules for the government of his plantation. Under these, the manager was enjoined not to abuse or whip tenants, and he was not permitted to carry a pistol. If a tenant refused or failed to work, or became disorderly, so that his conduct might bring on trouble, or if the manager became dissatisfied with the tenant, he was to be removed from the plantation peaceably and at the owner's expense. It was the owner's purpose to avoid all manner of disturbances and encounters between the manager and tenants, and to secure quiet and orderly conduct on his property.

The evidence shows that appellee had trouble with the tenants. He whipped two of them on different occasions. Thereupon appellant informed appellee that he did not want his tenants abused and whipped, and that appellee ought not to carry a pistol. Apellant further said that appellee must get rid of the one he was carrying or he would be discharged. Appellee refused to give up his pistol and left the employment.

The refusal of the court to sustain a motion for a new trial and set aside the jury's verdict, because it was contrary to the law and the evidence, is assigned as an error in this appeal. We consider this assignment well taken. Appellant, as owner, certainly had the right to adopt reasonable rules and regulations for the government of his plantation affairs. The rules shown in this case are reasonable. We commend them. To us they seem consistent with justice and the fair administration of the law in the land. The owner must have found them advisable for the successful management of his business.

When appellee entered the service of appellant, it became his duty to observe these rules. His failure to comply with them was sufficient to render his services as manager unsatisfactory, and to justify appellant in dis-

• charging him. Had he been willing to obey the planta-
tion regulations made by the owner, he could have com-
pleted his term of employment, and need not have lost
his position.

Appellant should only be held liable to pay for the
balance owing for services up to the time when appellee
left the plantation. Upon the trial, appellant tendered
this amount. Judgment should have been for the same,
with such costs as may have accrued in the case till the
tender was made.

*Reversed and remanded.*